UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                )
UNITED STATES OF AMERICA,        )
                                )
         v.                      ) Criminal Action No. 91-432 (RWR)
                                )
MICHAEL D. ROBINSON,             )
                                )
         Defendant.              )
_____)

## MEMORANDUM ORDER

Defendant Michael Robinson moves to expunge the record of his criminal conviction from 1991. The government opposes Robinson's motion. Because Robinson presents no extreme circumstances that would warrant expunging his record, his motion will be denied.

In 1991, Robinson pled guilty to one count of unlawful possession with intent to distribute 5 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii). On May 14, 1992, Robinson was sentenced to 60 months of incarceration, and four years of supervised release, and was ordered to pay a $50.00 special assessment and complete 50 hours of community service. Robinson says he has been employed in good standing for 17 years by the same employer, but he now moves to expunge his criminal record because it is "affecting [his] ability to remain employed" in light of more extensive background investigations being conducted on employees. Def.'s

Mot. to Expunge Criminal Record at 1.  Robinson emphasizes that if he is "unable to maintain employment, it will be detrimental to [his] family."  Id.

The government argues that the controlling case law does not support the requested relief.  Specifically, the government states that Robinson has not demonstrated that "extraordinary circumstances" exist to justify his request to expunge his criminal record.  Govt.'s Opp'n to Def.'s Pro Se Mot. to Expunge Crim. Record at 2.

"The judicial remedy of expungement is inherent and is not dependent on express statutory provision, and it exists to vindicate substantial rights provided by statute as well as by organic law[.]"  Menard v. Saxbe, 498 F.2d 1017, 1023 (D.C. Cir. 1974) (citation omitted); see also Chastain v. Kelley, 510 F.2d 1232, 1235 (D.C. Cir. 1975) ("The federal courts are empowered to order the expungement of Government records where necessary to vindicate rights secured by the Constitution or by statute.").  "Before expunging a criminal record, the Court must find that, after examining the particular facts and circumstances of the case, the 'remedy is necessary and appropriate in order to preserve basic legal rights.'"  United States v. Davis, Criminal Action No. 342-72 (TFH), 2006 WL 1409761, at *2 (D.D.C. May 23, 2006) (quoting Livingston v. U.S. Dep't of Justice, 759 F.2d 74, 78 (D.C. Cir. 1985)).  "[R]elief

usually is granted only in 'extreme circumstances,' the finding of which requires a 'balancing of the equities between the right of privacy of the individual and the right of law enforcement officers to perform their necessary duties.'" Id. (quoting United States v. Schnitzer, 567 F.2d 536, 539 (2d Cir. 1977)).

Absent a statutory basis authorizing expungement, courts have granted motions to expunge only in extreme circumstances, such as in cases involving flagrant constitutional violations. See, e.g., Doe v. Webster, 606 F.2d 1226, 1230 (D.C. Cir. 1979) ("[A]lthough there are indeed many instances in which courts have ordered expungement of arrest records in the exercise of their inherent equitable powers, all of these cases involved either a lack of probable cause coupled with special circumstances, flagrant violations of the Constitution, or other unusual and extraordinary circumstances." (footnotes omitted)). Under this showing, even difficulties obtaining employment and securing housing are not regarded as extreme circumstances. See, e.g., United States v. Baccous, Criminal Action No. 99-0596 (DAR), 2013 WL 1707961, at *2 (D.D.C. Apr. 22, 2013) ("[The court] finds that no such 'extreme circumstances' are present. Defendant's concerns regarding his employment and residential opportunities are unquestionably valid; however, under existing law, they do not afford the court discretion to expunge his record."); In re Reid, 569 F. Supp. 2d 220, 222 (D.D.C. 2008)

("[W]hile this Circuit has long recognized the fact that a criminal record causes social disabilities, . . . the harm of being unable to obtain employment is insufficient on its own[.]" (citations omitted)).

Robinson seeks to expunge his criminal record in order to ensure that he remains employed in light of the new policy regarding background checks. However, this does not present an extreme or unusual circumstance justifying expungement under the case law in this circuit. See, e.g., In re Reid, 569 F. Supp. 2d at 222. Robinson has not demonstrated that the remedy he seeks is "necessary and appropriate in order to preserve [his] basic legal rights." Livingston, 759 F.2d at 78. Specifically, Robinson does not challenge the legality of his 1991 arrest or conviction on constitutional or statutory grounds, or present any other cognizable legal injury that the D.C. Circuit would recognize as justifying granting Robinson's motion to expunge his criminal record. See, e.g., Webster, 606 F.2d at 1231 ("[A]bsent specific statutory authority it would be wholly inappropriate to order such an expungement in a case such as this where there has been . . . a valid conviction."); Davis, 2006 WL 1409761, at *2 ("The Court, while not unsympathetic to Defendant's dilemma as represented by him, can find no basis for expunging his criminal record. The Defendant has cited no

statutory authority for expunging his conviction, and the Court is aware of none.").

If Robinson has, as he says, remained a law-abiding citizen as an employed family man, it would be unfortunate for Robinson's conviction from over 20 years ago to threaten his livelihood and hinder his ability to support his family. However, there is no legal basis to grant Robinson the relief he seeks in his motion.  Accordingly, it is hereby

ORDERED that defendant Michael Robinson's motion [39] to expunge his criminal record be, and hereby is, DENIED.

SIGNED this 5th day of March, 2014.


_____/s/_____
RICHARD W. ROBERTS
Chief Judge